UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 24-CV-01403 (RER)

———————————

XIU YUN LIN

VERSUS

ALEJANDRO MAYORKAS & UR MENDOZA JADDOU

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

  Plaintiff Xiu Yun Lin ("Plaintiff" or "Lin") seeks to compel U.S. Citizenship and Immigration Services ("USCIS") and its officers (collectively "Defendants") to adjudicate the I-130 Petition for Alien Relative she filed on behalf of her brother in 2014. Plaintiff alleges unreasonable delay in the adjudication of her petition because ten years have passed since her confirmed filing. Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because the timeline for adjudicating such applications is at the agency's discretion. They contend they have not yet prioritized Plaintiff's petition since there are currently no visas available for the brother's category of relatives residing in China. The Court agrees that the timing of adjudication of Plaintiff's petition is at the agency's discretion and Defendants—guided by Congressional caps on Plaintiff's type of application—employ a reasonable procedure for prioritizing the high number of similar petitions within an overextended immigration system. Defendants' motion to dismiss the complaint is **GRANTED**.

**BACKGROUND**

Plaintiff became a naturalized citizen of the United States in 2012. (ECF. No. 1 ("Compl.") ¶ 1). On January 7, 2014, she filed a Form I-130 Petition for Alien Relative with USCIS on behalf of her biological brother who resides in China. (*Id.* ¶ 3). Lin filed a written inquiry on the status of this application on September 21, 2023, and notified USCIS of her intent to pursue a writ of mandamus for lack of adjudication of the petition. (*Id.* ¶ 5). She understood her inquiry to be a request to expedite her petition, despite USCIS instructions otherwise. (ECF No. 26, Ex. 2 ("Opp."); ECF No. 26, Ex. 1 ("Mem.") at 3). On February 26, 2024, Plaintiff filed suit pursuant to the Mandamus Act 28 U.S.C. § 1361, the Administrative Procedure Act ("APA") 5 U.S.C. §§ 701 and 706(1), and the Declaratory Judgement Act 28 U.S.C. §§ 2201-2202, claiming an unreasonable delay in adjudication of her I-130 petition. (Compl. ¶¶ 25–42). Lin also asserts that her due process rights have been violated but does not make an explicit constitutional claim. (*Id.* ¶¶ 27, 29, 37). Plaintiff seeks declaratory relief and an order to compel Defendants to adjudicate her I-130 application. (*Id.* ¶ 13).

On April 11, 2024, the Court directed Defendants to show cause why a writ of mandamus should not be issued. (Order to Show Cause dated 4/11/2024, ECF No. 13). After much procedural confusion on Plaintiff's part, Defendants ultimately moved to dismiss the complaint on September 3, 2024, for lack of subject-matter jurisdiction under Rule 12(b)(1), and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See generally Mem.). Plaintiff opposed the motion (see generally Opp.), and Defendants waived their right to file a substantive reply. (ECF No. 26, Ex.3). Although

procedurally inappropriate, Plaintiff filed further opposition on September 4, 2024. (ECF No. 27).

## **LEGAL STANDARD**

A district court must dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when it lacks the statutory or constitutional authority to adjudicate such a claim. *Ford v. D.C. 37 Union Loc. 1549*, 579 F.3d 187, 188 (2d Cir. 2009). While the court must accept all facts in the complaint as true, *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998), the plaintiff bears the burden to prove jurisdiction by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). The Court may also refer to evidence outside of the pleadings. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) ("[T]he Court must merely determine whether the complaint itself is legally sufficient."). A claim is factually plausible when the pleadings provide enough for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). "Naked assertion[s] devoid of further factual enhancement," are insufficient. *Twombly*, 550 U.S. at 555. Here too, the alleged facts are assumed as true, *Iqbal*, 556 U.S. 662, 678–79 (2009), and the court must "draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496

F.3d 229, 237 (2d Cir. 2007). To determine whether the complaint meets this standard, the court may take judicial notice of and "rely on matters of public record." *Lin v. Garland*, No. 24-CV-2268 (RER) (RML), 2025 WL 277454, at *1 (E.D.N.Y. Jan. 22, 2025) (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). This includes USCIS processes as described on its website. *Mu v. USCIS*, No. 23-CV-2067 (HG), 2023 WL 4687077, at *2 (E.D.N.Y. July 22, 2023).

## DISCUSSION

I.  Plaintiff's Mandamus Act Claim is Dismissed

Under the Mandamus Act, a court may compel an agency to act only when plaintiff demonstrates "(1) there is a clear right to the relief sought, (2) the Government has a plainly defined and peremptory duty to perform the act in question, and (3) there is no other adequate remedy available." 28 U.S.C. § 136; *Benzman v. Whitman*, 523 .3d 119, 132–33 (2d Cir. 2008). This is an "extraordinary remedy" reserved only for "a clear non-discretionary duty." *Pittston Coal Grp. v. Sebben,* 488 U.S. 105, 121 (1988); *Escaler v. U.S. Citizenship & Immigr. Serv.*, 582 F.3d 288, 292 (2d Cir. 2009); *Ahmed v. Bitter*, No. 23-CV-189 (NGG) (RJL), 2024 WL 22763, at *8 (E.D.N.Y. Jan. 2, 2024). While a district court does not have jurisdiction over an agency's final action, "a distinction exists between challenging an agency action and challenging an agency's inaction." *Sharifi v. Blinken*, 731 F. Supp. 3d 433, 438 (E.D.N.Y. 2024).

Plaintiff does not sufficiently allege that she has a "clear right" or that Defendants have "a plainly defined and peremptory duty" to adjudicate her I-130 application within a set time. She is correct that USCIS has a clear non-discretionary duty to adjudicate it at *some* point in time, *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 226 (E.D.N.Y. 2021),

4

which grants this court subject matter jurisdiction over her claim. *Sharifi*, 731 F. Supp. 3d at 438. However, the agency does not have to do so within a *specific* timeframe. *Ahmed*, 2024 WL 22763, at *9. Any recommended timeline in the Immigration and Naturalization Act ("INA") is merely that: a recommendation. 8 U.S.C. § 1571(b) ("It is *the sense* of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application.") (emphasis added). The statute "does not create an enforceable right." *Poz v. Mayorkas*, No. 23-CV-7902 (DLI), 2024 WL 4309234, at *3 (E.D.N.Y. Sept. 26, 2024) (quoting *Li v. Chertoff*, No. 07-CV-3836 (HG) 2007 WL 4326784, at * 5 (E.D.N.Y Dec. 7, 2007)). With no "clear right" to the relief Plaintiff seeks, and no "plainly defined and peremptory duty" for Defendants to expedite adjudication of Plaintiff's I-130 application, Plaintiff cannot make a Mandamus claim.

Moreover, even if Plaintiff did have such a right, or Defendants had such a duty—neither of which is the case here—the claim also fails the third prong. Plaintiff cannot demonstrate that there is no other adequate remedy available, as both USCIS's expedited request procedure and the APA provide alternatives. *Yang v. Houghton*, No. 21-CV-5485 (BMC), 2021 WL 5879033, at *2 (E.D.N.Y. Dec. 13, 2021) (characterizing USCIS's "expedite request" procedure as an adequate remedy); *Sharkey v. Quarantillo*, 541 F.3d 75, 93 (2d Cir. 2008) (affirming dismissal of a Mandamus claim because it duplicated claims under the APA, which is itself an adequate remedy).

To exact a remedy through USCIS's expedited procedures, Plaintiff must formally request expediting of her application based on one of several possible circumstances. Options include an emergency or humanitarian situation, or clear USCIS error, and

5

generally require evidence to justify the request. (See Opp. ¶ 11; Mem. at 12; https://www.uscis.gov/forms/filing-guidance/expedite-requests (last visited June 27, 2025)). Although Plaintiff is under the impression that making an inquiry as to the status of her application and filing this suit are the equivalent of an expedited request through the appropriate agency methods (Opp. ¶¶ 11–13), they are not. This remedy remains available to Lin. Furthermore, Plaintiff incorrectly characterizes a delay in processing as "clear USCIS error." (*Id.*) Lin pleads no facts to support a mistake in her form or any "urgent need to correct the error." *See* https://www.uscis.gov/forms/filing-guidance/expedite-requests (last visited June 27, 2025). Lastly, the APA claim in this suit is another adequate remedy even if that claim is ultimately unsuccessful. *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 226 (E.D.N.Y. 2021); *Lou v. U.S. Citizenship & Immigr. Serv.*, 23-CV-1104 (HG), 2023 WL 5672041, *3 (E.D.N.Y. Sept. 1, 2023) (holding an APA claim was "an alternative adequate remedy" even though the claim failed on the merits).

For these reasons, Defendants' motion to dismiss Plaintiff's Mandamus Act claim is granted.

II. <u>Plaintiff's APA Claim is Dismissed</u>

The APA requires agencies to "conclude a matter presented to it" within "a reasonable time." 5 U.S.C. §§ 555(b), 706(1). A court may "compel agency action unlawfully withheld or unreasonably delayed," *Zhang v. Wolf*, No. 19-CV-5370 (DLI), 2020 WL 5878255, at *3 (E.D.N.Y. Sept. 30, 2020). Such a claim may only proceed "where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Ahmed*, 2024 WL 22763, at *6 (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). In this context too, a district court may not review an agency's final

decision, but it may assess whether there is an unreasonable delay in making such a decision. *Id.*

Analysis of Defendants' duty under the APA is similar to analysis under the Mandamus Act. Defendants have a discrete duty to ultimately adjudicate Plaintiff's application. *Almakalani*, 527 F. Supp. 3d at 226. They do not have a discrete duty to do so on a particular timetable. *Id.* Plaintiff cannot fathom why USCIS does not immediately adjudicate her application, especially since it would not automatically grant a visa. (Compl. ¶¶ 21, 23, 41). But as frustrated as she may be, the timetable for adjudication is a discretionary decision for Defendants to make, not the Court. *Ahmed*, 2024 WL 22763, at *7.

Furthermore, the "mere passage of time" is insufficient to make an APA claim of unreasonable delay. *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 260 (E.D.N.Y. 2021) (citing *Mashpee Wampa-noag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)); *see also Ahmed,* 2024 WL 22763, at *6 (dismissing a claim of unreasonable delay on adjudication of an I-130 petition, even though plaintiff had waited over eight years for the next step in the process). Instead, courts analyze six "TRAC" factors to determine if the agency's action is unreasonably delayed. *See Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 84 (2d Cir. 2013) (citing *Telecomms. Rsch. & Action Ctr. v. Fed. Commc'n Comm'n*, 750 F.2d 70, 80 (1984) ("TRAC")). The factors are: (1) the time agencies take to make decisions must be governed by "a rule of reason;" (2) where Congress has provided a timetable, it may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on

agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *TRAC*, 750 F.2d at 80 (citations omitted). These factors "are not ironclad;" their purpose is "to provide useful guidance in assessing claims of agency delay." *Ahmed*, 2024 WL 22763, at *7 (quotations and citations omitted).

On balance, the factors weigh strongly in Defendants' favor. The first *TRAC* factor—whether the agencies timetable is governed by a rule of reason—is the most important. *Lin*, 2025 WL 277454, at *3. An agency's establishment of a logical system to prioritize and process applications is a rule of reason. *See Mu*, 2023 WL 4687077, at *4. With respect to I-130 petitions, a U.S. citizen may petition for various family members to obtain immigrant visas, but visas for siblings are subject to annual limitations. *See* 8 U. 8 U.S.C. § 1154; *see also Ahmed*, 2024 WL 22763, at *7 (explaining the general process for a U.S. citizen to petition for a family member visa) (citing *Scialabba v. Cuellar de Osorio*, 573 U.S. 41, 46-50 (2014) (plurality opinion)). The Department of State's monthly Visa Bulletin indicates visa availability for family member categories and countries of origin based on the petition receipt date. *See* https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin.html (last visited June 26, 2025). Those with a date earlier than the bulletin's cut-off date may apply for a visa. *Id.* Accordingly, Defendants generally adjudicate I-130 based on visa availability for the country of charge.[1]   The Court has

---

[1] See Check Case Processing Times, available at https://egov.uscis.gov/processing-times/ (last visited June 27, 2025) (select "I-130 Petition for Alien Relative," "U.S. citizen filing for a brother or sister," and "All Service Centers" in the drop down menus; click "Get processing time"; and scroll down to "Notes" : "USCIS Service Centers prioritize the adjudication of Form I-130, Petition for Alien Relative, preference petitions when the Department of State Visa Bulletin shows an immigrant visa is available or will soon become available. This

previously determined that similar procedures constitute a "rule of reason," especially in managing an overwhelming number of immigration benefit applications. *N-N*, 540 F. Supp. 3d at 261; *Lin*, 2025 WL 277454, at *3 (determining USCIS's "first in, first out ("FIFO") policy a rule of reason); *Liu v. United States Citizenship & Immigr. Servs.*, No. 23-CV-2065 (RPK), 2024 WL 4436232, at *3 (E.D.N.Y. Oct. 7, 2024) (classifying USCIS's "last in, first out" ("LIFO") policy a rule of reason). Similarly, USCIS's procedure for managing I-130 petitions in oversubscribed categories is a logical one, constituting a rule of reason. Plaintiff acknowledges that when she filed her complaint, the Visa Bulletin had only reached applications submitted before May 2007—a long way from her January 2014 priority date. (Compl. ¶20, n. 2). Again, Plaintiff's apparent exasperation with such a long wait time is understandable, but it does not provide a legal basis for relief. The first *TRAC* factor squarely favors Defendants.

The second factor examines whether Congress has recommended a timetable that may inform an analysis of the agency's rule of reason. *Liu*, 2024 WL 4436232, at *3. Although Congress has recommended a 180-day timeframe for processing immigration benefits applications, 8 U.S.C. § 1571(b), the INA provides no mandated deadline for immigration benefit applications. *Lin*, 2025 WL 277454, at *2. Instead, Congress grants the State Department and other agencies wide discretion in immigration processing. *Ahmed*, 2024 WL 22763, at *7. And, while courts have contemplated that a delay as long as Lin's *could* be unreasonable, *Id.*, they have declined to rule in favor of immigration benefit applicants for the mere passage of time alone when an agency has articulated a rule of reason. *Id.*; *Lin*, 2025 WL 277454, at *3; *Liu*, 2024 WL 4436232, at *3. Perhaps

---

provides the greatest processing efficiencies because it is only when an immigrant visa is available that the beneficiary can adjust status or consular process based on an approved petition.").

most importantly, "the congressional timetable contemplated by this TRAC factor will emerge through actual statutory pronouncements such as [a] statutory cap," *N-N*, 540 F. Supp. 3d at 262. Such a cap exists here, and the agency has discretion to determine and utilize its rule of reason to manage I-130 petitions like those in Plaintiff's category which far exceed the annual statutory caps set by Congress itself. (Mem. at 12). Congressional action supports and informs, rather than undermines, Defendants' rule of reason, which weighs in Defendants' favor.

The third and fifth *TRAC* factors contemplate what is at stake if the agency continues to delay adjudication. This includes human health and welfare, and any interests that are prejudiced by the delay. *Pesantez v. Johnson*, No. 15-CIV-1155 (BMC), 2015 WL 5475655, at *6 (E.D.N.Y. Sept. 17, 2015). The only harm that Plaintiff alleges is her own frustration and the reality that her 60-year-old brother will continue to age as Plaintiff waits for adjudication of the I-130 application on his behalf. (Compl. ¶20). Neither assertion constitutes any harm to Lin—or even her brother's—welfare and safety. *Liu*, 2024 WL 4436232, at *3 (deciding that a plaintiff's worries about her parent's health and a desire to be reunited with her child who resided in China did not satisfy the third TRAC factor). Plaintiff also asserts that her brother's interests are prejudiced because he may die before his application is adjudicated, and his beneficiaries would then be unable to inherit this benefit. (Compl. ¶20). But as Defendants correctly explain, at least one beneficiary must reside in the U.S. to preserve visa eligibility. https://www.uscis.gov/policy-manual/volume-7-part-a-chapter-9 (last visited June 27, 2025); (See Mem. at 13–14). These factors both support Defendants' position.

The fourth factor assesses whether granting relief to a plaintiff would effectively place them ahead of others in the same circumstances. *Zhuo v. Mayorkas*, No. 23-CV-5416 (DLI), 2024 WL 4309232, at *5 (E.D.N.Y. Sept. 26, 2024). A court may deny relief on this factor alone "where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." *Almakalani*, 527 F. Supp. 3d 205 at 224 (citing *Mashpee*, 336 F.3d at 1100) (additional citations omitted). Courts generally recognize that agencies must balance competing duties and priorities and will not find unreasonable delay without evidence that the agency either treated the plaintiff differently from others or "were just twiddling their thumbs". *Id.* This links back to the agency's rule of reason in adjudicating I-130 applications for oversubscribed categories where "there is no question that USCIS is overstressed and under-resourced in processing all categories of immigration petitions and applications." *Yang*, 2021 WL 5879033, at *1. Per Defendants' procedures, they have not yet reached Plaintiff's priority date. (Mem. at 13). If the Court compelled USCIS to veer from this protocol and adjudicate Plaintiff's I-130 application earlier than prescribed, Lin would simply "jump the line." *Yang*, 2021 WL 5879033, at *1 (". . . applicants understandably seek to compel faster action . . . . But . . . relief from a court in this situation simply jumps one plaintiff to the front of the line and pushes everyone else further back."); *see also N-N*, 540 F. Supp. 3d at 263 ("[C]ourts should hesitate to reorder their priorities where the claimed injury—delay—would simply fall on another constituency if alleviated in the instant context.") (citation omitted). The Court therefore declines to grant this relief where "the agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *Heckler v. Chaney*, 470 U.S. 821, 831–32 (1985).

Furthermore, despite Plaintiff's assertions that Defendants are "dragging their feet" (Compl. ¶ 33), on a task that would only "require a few man hours to complete" (Opp. ¶24), she proffers no evidence to that end. Lin also claims to know of one similar case that was adjudicated within nine years, as opposed to the ten she has been waiting. (Compl. ¶ 30). This hardly supports any differential treatment: an application that was allegedly filed in 2011 and only adjudicated in 2020 (*Id.*), is not dissimilar to Lin's timeline. There is no evidence here of thumbs twiddling or feet dragging, but instead USCIS applying a rule of reason to its "limited resources and substantial caseload." *Almakalani*, 527 F. Supp. 3d 205 at 225 (citation omitted). This factor heavily supports Defendants.

The sixth factor clarifies that foul play is not a prerequisite for the court to determine an unreasonable delay. *See TRAC*, 750 F.2d at 80; *Lin*, 2025 WL 277454, at *4. Here, Lin alleges impropriety, but only through the kind of bare-naked assertions and conclusory statements that fail to constitute a plausible claim. *See Twombly*, 550 U.S. at 555. Plaintiff speculates that USCIS is intentionally delaying her application by updating "its published processing times . . . to create grounds to dismiss her complaint" (Opp. ¶ 20). Again, she provides no facts to support this. Plaintiff counsel's assertion that he has one other client whose application for a Chinese sibling was already adjudicated is also of no consequence, as those facts are not before the Court. (Compl. ¶¶ 30–31). And as noted, the alleged wait time is not far off from Lin's. (*Id.*). Plaintiff's lack of evidence renders this factor neutral at best.

The overall balance of TRAC factors favors dismissal of Plaintiff's APA claim under Rule 12(b)(6).

III.     Plaintiff's Declaratory Judgment Claim is Dismissed

The Declaratory Judgment Act empowers courts to "declare the rights of an interested party seeking such declaration" with "the force and effect of a final judgment or decree" subject to review.  28 U.S.C. § 2201. Such a declaration is at the court's discretion: the statute neither "imposes a duty upon the courts to grant this remedy," nor provides a "source of substantive rights." *Almakalani*, 527 F. Supp. 3d at 227 (citing *Ahmed v. Cissna*, 327 F. Supp. 3d 650, 672 (S.D.N.Y. 2018), *aff'd sub nom. Ahmed v. Cuccinelli*, 792 F. App'x 908 (2d Cir. 2020)).

For the reasons explained above, Plaintiff has not adequately pleaded that Defendants' conduct violates the APA.  The Court therefore cannot provide relief in the form of a declaratory judgment to this effect.

IV.     Plaintiff's Due Process Claim is Dismissed

A Fifth Amendment due process claim requires a plaintiff to allege violation of a fundamental liberty interest that is "objectively, deeply rooted in this Nation's history and tradition." *Adebayo v. United States Dep't of State*, No. 24-CV-2523 (LDH), 2025 WL 964096, at *5 (E.D.N.Y. Mar. 31, 2025) (first citing *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024), then citing *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)). Individuals do not have a "fundamental constitutional right to cohabitate with one's family members within the United States." *Almakalani*, 527 F. Supp. 3d at 228 (citations omitted). Such a theory "runs headlong into Congress' plenary power over immigration." *Id.*

To the extent that Lin makes a due process claim embedded in her APA claim (Compl. ¶¶ 27, 37), it also fails. Lin's allegation of unreasonable delay does not sustain

13

such a claim. She provides no plausible facts to demonstrate a denial of due process, and no case law to support any fundamental liberty interest.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is granted. Accordingly, this case is dismissed without prejudice for failure to state a claim. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.
Hon. Ramón E. Reyes, Jr.    Digitally signed by Hon. Ramón E. Reyes, Jr.
                            Date: 2025.07.07 17:07:10 -04'00'
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: July 7, 2025
       Brooklyn, NY